Minshall, C. J.
We think the court erred in sustaining the demurrer to the answer of the defendant. The first defense is based upon the non-performance of a contemporaneous written agreement, made and entered into by the parties in regard to the note, and of which, it is averred, the plaintiff had notice when he became the holder of it. He then stands in the shoes of the original payee, McElroy. Although the note stipulates that it is payable thirteen months after date, still this must be controlled, as between parties and holders with notice, by the written agreement, that it is not to become due and payable until th§ association has sold for the maker 80 bushels of oats at the price named. 2 Parsons on Notes and Bills, 144, 534. It is not necessary that an answer should be returned to the question, why the parties should have subjected the absolute stipulation of the note as to the time of payment, to the provisional terms of the written agreement. It is sufficient to say that they have seen fit to do so, and the’ agreement is binding on the holder. The effect of it is to give the maker the right to pay the note according to its terms, or to decline to do so until the terms of the written agreement are complied with, if, in his judgment, it would be more prudent to do so. This branch of the answer, then, states a sufficient defense to the action — non-performance of the agreement.
*606 The case of Webb v. Spicer, 66 Eng. Com. Law, 894, 898, is, when rightly considered, not in conflict with this holding. The point of that decision was, that the written agreement was-not between the parties to the note. Here, it is. The fact that the suit is not between the original parties to the note and agreement, does not affect the question, since the plaintiff' acquired his title'with notice, and stands in the shoes of the original payee
The second defense is based upon the alleged fraud of McElroy in obtaining the defendant’s signature to the note by fraudulent representations as to the value of the oats. As it is also averred that the plaintiff took the note with knowledge of the fraud, the facts averred certainly constitute a defense, and the demurrer should have been overruled.
Neither of these defenses show that the maker was a party to any contemplated fraud upon the public. If the averments be true, and they are admitted by the demurrer, he was simply deceived into the belief that money could honestly be made out of the introduction of a new variety of oats, and the assumption that he was a party to any contemplated fraud on others at the time he executed the note, is inconsistent with the averments of his answer. .
But if the assumption were true, still the illegal character of the consideration might be plead as a defense by the maker to an action on the note by the other party or any holder of it with notice. Complicity in a wrong may defeat a party who, by action, seeks to enforce an executory contract based upon. it, or to obtain affirmative relief against the contract, as by injunction or cancellation; but such complicity does not preclude a defendant from pleading the facts as a defense, although he may be in pari delicto. Roll v. Raguet, 4 Ohio, 400; McQuade v. Rosecrans, 36 Ohio St. 442; Kahn v. Walton, 46 Ohio St. 195, 209.

Judgment reversed, and cause remanded to the court of common pleas, with directions to overrule the demurrer, and for further proceedings.